UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GEORGE and LISA BROWN,  No. 05-13909

Debtor(s).
_____/

Memorandum on Motion to Compel Abandonment
_____

Chapter 7 debtor Lisa Brown is a member of the Sherwood Valley Band of Pomo Indians.  She is entitled to periodic distributions under the Ordinance Governing the Allocation and Disbursement of Net Revenue From Tribal Gaming Sherwood Valley Rancheria dated January 10, 1998.  She and her husband have moved the court for an order compelling the Chapter 7 trustee, Jeffry Locke, to abandon all interest in her distributions on the grounds that they are not property of the estate.[1]  Locke opposes the motion, and by countermotion seeks turnover of the distributions to him.

Pursuant to § 541(a)(1) of the Bankruptcy Code, all legal or equitable interests of the debtor become property of the estate.  Brown argues that her distributions are excluded from property of the estate by § 541(c)(2), which provides that a restriction on the transfer of a beneficial interest in a trust that is enforceable under state law is enforceable in bankruptcy.  However, the Ordinance is not a trust at

---

[1] In her brief, Brown refers to a document entitled "Sherwood Valley Rancheria Tribal Trust." She has produced no such trust document, and the court makes no ruling on any rights she may have under such a trust.  Only the Ordinance of January 10, 1998, has been produced and the court limits its ruling to rights arising from that document.

contains no restrictions on transfer,[2] so that section is clearly inapplicable.

The two published cases which have decided the issue have both held that tribal gaming distributions are property of the bankruptcy estate. *Johnson v. Cottonport Bank*, 259 B.R. 125, 130 (W.D.La.2000); *In re Kedrowski*, 284 B.R. 439, 451-52 (Bankr.W.D.Wis.2002). Both cases are soundly decided and the court will follow them.

For the foregoing reasons, the motion to abandon will be denied and the countermotion for turnover will be granted. Counsel for Locke shall submit an appropriate form of order.

Dated: February 28, 2006

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] In fact, section 3 of Article V specifically permits transfer.

2

Case: 05-13909    Doc# 25    Filed: 02/28/06    Entered: 02/28/06 15:21:47    Page 2 of 2