UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GEORGE and LISA BROWN,                                                          No. 05-13909

                              Debtor(s).
_____/

Memorandum on Motion to Compel Abandonment
_____

       Chapter 7 debtor Lisa Brown is a member of the Sherwood Valley Band of Pomo Indians. She is entitled to periodic distributions of about $8,500.00 per year under the Ordinance Governing the Allocation and Disbursement of Net Revenue From Tribal Gaming Sherwood Valley Rancheria dated January 10, 1998. She and her husband moved the court for an order compelling the Chapter 7 trustee, Jeffry Locke, to abandon all interest in her distributions on the grounds that they were not property of the estate. The court ruled in favor of Locke about a year ago, finding that the debtor's rights under the Ordinance are property of the estate.

       On appeal, the Bankruptcy Appellate Panel affirmed that the rights are property of the estate but remanded the issue of abandonment for further proceedings.

       As moving parties seeking to compel abandonment, the debtors have the burden of proof. *In re Dillon*, 219 B.R. 781, 785 (Bkrtcy.M.D.Tenn.1998); *Smoker v. Hill & Assocs., Inc.*, 204 B.R. 966, 975 (N.D.Ind.1997); *In re Siegel*, 204 B.R. 6, 8 (Bankr.W.D.N.Y.1996); 3B **Bankr. Service L. Ed.** § 36:369. Pursuant to § 554(b) of the Bankruptcy Code, abandonment may be compelled only if the property is

1

burdensome to the estate or of inconsequential value and benefit to the estate.

The debtors have not made a *prima facie* case for granting their motion. The value of their rights is approximately $8,500.00 per year, which is of consequence to the estate and their creditors.[1] The only evidence offered by the debtors was that they were unable to obtain an advance of the funds, which is not the same thing as showing that the funds are unreachable by the trustee.

The debtors have offered no testimony or authority that Locke is legally barred from enforcing the bankruptcy estate's rights to future payments as they are paid. A similar argument that such restrictions could be inferred was recently rejected in *In re McDonald*, 353 B.R. 287 (Bkrtcy.D.Kan. 2006). There is no material difference between the rights in question in that case and those before the court here.

The debtors have failed to make out a *prima facie* case for relief under § 554(b). The payments in question are of consequential value to the bankruptcy estate. Far from being burdensome, they are of great benefit and can result in full payment to unsecured creditors. For these reasons, the debtors' motion to abandon will be denied. Counsel for Locke shall submit an appropriate form of order.

Dated: April 18, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The debtors' schedules reflect only about $10,000.00 in unsecured debt. This means that Locke will be able to pay them in full within a few years, with payments after that reverting to the debtors.

2